IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES NICHOLAS FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1107 |
| | ) | Magistrate Judge Bissoon |
| DAVID VARANO, *et al*., | ) | |
| | ) | |
| Petitionerd. | ) | |

## MEMORANDUM ORDER

James Freeman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was received by the Clerk of Court on August 18, 2009, and an Answer was filed on October 13, 2009. Freeman seeks an evidentiary hearing (Doc. 16), and also asks that he be released from state custody pending disposition of his petition (Doc. 18).

An evidentiary hearing is not appropriate in a habeas proceeding if the issues can be resolved by reference to the existing state court record. Goldblum v. Klem, 510 F.3d 204, 220 (3d Cir. 2007). It appears from a review of the pleadings in this case that the issues raised can be resolved by reference to the state court record. Freeman's Motion for an Evidentiary Hearing (Doc. 16) is DENIED.

Motions for bail pending disposition of a habeas petition may be granted:

> "When the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."

Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992), quoting, Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974). The court in Landano noted that the requisite "extraordinary or exceptional circumstances" have been found to exist in few cases, but that bail has been granted

in "situations involving poor health or the impending completion of the prisoner's sentence." 970 F.2d at 1239.

     Here, Freeman did not file a timely direct appeal from the judgment of sentence, and his petitions pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") were denied by the state courts.  Respondent argues alternatively that this Petition is untimely, that Freeman's claims are subject to a state court procedural default barring review, and that the claims should be denied on their merits.  It does not appear that Freeman has a "high probability" of success on the merits, and his Motion for Release Pending Writ of Habeas Corpus Petition (Doc. 18) is DENIED.

Dated: April 26, 2010                          s/Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States Magistrate Judge

cc:
JAMES NICHOLAS FREEMAN
FF-3964
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021