# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES NICHOLAS FREEMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-1107 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| DAVID VARANO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

James Nicholas Freeman is a state prisoner who has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 8 and 12).

On January 13, 2003, Petitioner pled guilty to one count of Voluntary Manslaughter in the Court of Common Pleas of Allegheny County, Pennsylvania, with respect to the July 19, 2002 shooting death of Kevin Coates. At the time of the plea, the Commonwealth had the cooperation of Maurice Ford and Arthur Davis, Freeman's friends and passengers in Freeman's car at the time of the shooting. Ford and Davis would have testified that Freeman and Coates argued, and that Freeman drove away and obtained a weapon to "take care of business with these guys that disrespected him" (Doc. 9-6, p. 1). Freeman drove back to the scene of the argument, and Coates began shooting. Freeman returned fire and, after accidentally wounding his friend Ford, killed Coates (Doc. 9-6, pp. 1-2).

Trial counsel obtained a plea bargain for Freeman whereby the charge was reduced from Murder to Voluntary Manslaughter. Freeman was sentenced to 6 to 12 years imprisonment immediately after entering his plea. Freeman did not file a direct appeal, but instead filed a

petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq.*, on October 25, 2005, wherein he asserted that trial counsel was ineffective for failing to review discovery material before recommending that Freeman plead guilty (Doc. 9-2, p. 3). The petition was denied as being untimely on April 13, 2006. Again, no appeal was filed.

Freeman made several further attempts to file collateral appeals in the state court that are not relevant to the Court's ruling in this matter because the limitations period expired long before any of those collateral appeals were filed.

A one-year statute of limitations applies to habeas corpus petitions challenging state sentences. 28 U.S.C. §2244(d). To determine whether Freeman's petition was timely filed, the Court must first determine the date direct review concluded and the judgment became "final." See 28 U.S.C. § 2244(d)(1)(A). Second, the Court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Finally, the Court must determine whether another statutory exception or equitable tolling is applicable.

Freeman's conviction became final on February 12, 2003, when the time period for seeking appellate review of his guilty plea expired. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Freeman had until February 12, 2004, to file a timely petition for writ of habeas corpus, but he did not file the instant petition until August 19, 2009, more than 5 years after the statute of limitations expired.

The Court next must determine whether Freeman is entitled to any available "tolling" provisions. See 28 U.S.C. § 2244(d)(2). The first potential for tolling in this case occurred when

Freeman filed a PCRA petition in the state court on October 25, 2005. At that time, however, the statute of limitations applicable to federal habeas corpus proceedings had long since expired. More specifically, the limitations period expired on February 12, 2004, more than 18 months before Freeman filed his PCRA petition in October, 2005. Therefore, even if tolling was appropriate in this case, it is unavailing to Freeman because the limitations period had already expired.[1]

Next, Freeman claims that he is entitled to relief on the basis of newly-discovered evidence. One of the exceptions to the one-year statute of limitations applies to claims based upon a factual predicate that could not have been discovered through due diligence within the limitations period. See 28 U.S.C. § 2254(d)(1)(D). Freeman argues that he was not provided with discovery prior to his guilty plea, and that he has since learned that a witness to the shooting identified Ford as the shooter and Freeman as merely the driver of the car. However, in his 2005 PCRA petition, Freeman asserted that counsel told him prior to the plea that the prosecutor refused to turn over discovery (Doc. 9-6, p. 2). Therefore, Freeman knew at the time he entered his guilty plea that his attorney had not been provided with discovery from the Commonwealth. And, obviously, Freeman also knew whether or not he was the shooter or merely the driver. The factual predicate for Freeman's claim that counsel was ineffective for failing to obtain discovery

---

[1] It should be noted that only "properly filed" PCRA petitions toll the limitations period, and Freeman's 2005 PCRA petition was dismissed as untimely by the state courts. Therefore, that proceeding would not have tolled the limitations period even if that period had not already expired. Pace v. DiGuglielmo, 544 U.S. 408, 414, *reh'g denied,* 545 U.S. 1135 (2005) (a finding that a post conviction petition is untimely under state law ends the inquiry for purposes of 28 U.S.C. § 2244(d)(2)).

prior to the guilty plea was known to Freeman at the time of his plea, and the exception to the statute of limitations set forth in Section 2254(d)(1)(D) does not apply.[2]

Finally, the one-year limitation period in Section 2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." <u>Id</u>. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Freeman's control that account for his failure to file his habeas petition in a timely manner. Instead, the record strongly supports an inference that Petitioner was entirely satisfied with his plea agreement until long after his right to file a direct appeal, and to seek federal habeas relief, had both expired. Petitioner's late decision that he is no longer happy with his sentence is no basis for tolling the limitations period.

Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). Jurists of reason would not find it debatable that Freeman failed to file his habeas petition within the one year limitations period. Accordingly, a certificate of appealability is denied.

---

[2] And, of course, counsel can hardly be deemed ineffective for recommending a favorable plea to a lesser charge rather than a trial where two of Freeman's own friends would testify against him.

AND NOW, this 19th day of July, 2010,

IT IS HEREBY ORDERED THAT the Petition for Writ of Habeas Corpus filed by James Nicholas Freeman is DISMISSED and a certificate of appealability is DENIED.


Dated: July 19, 2010                                s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge


cc:
**JAMES NICHOLAS FREEMAN**
FF-3964
SCI Coal Township
P.O. Box A
Cresson, PA 17866-1021